IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| RAUL VILLEGAS GARZA | § | |
| v. | § | CIVIL ACTION NO. 6:15cv808 |
| ROBERT YOUNG | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Raul Villegas Garza, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named defendant is Robert Young, an investigator for the Hood County District Attorney's office.

Garza complains that Young came to interview him at the Michael Unit concerning a habeas corpus petition which Garza had filed in state court, which Garza acknowledges had two forged affidavits attached to it. Following this interview, Garza was indicted for aggravated perjury and tampering with evidence.

Shortly before trial, Garza's attorney showed him a consent to search form bearing Garza's name and purported signature, but Garza denied signing the form. The attorney sent the form to a handwriting expert, who testified that Garza had not signed the form. A letter from the handwriting expert states that "Robert Young did highly probably author the name of Raul Villegas Garza on the questioned document Q6."

Young testified at trial that he saw Garza sign the consent to search form, which was not true. Garza was convicted of tampering with or fabricating evidence, based largely on Young's testimony,

1

and received an additional 20 years in prison. The consent to search form was used as evidence against him.

After review of the pleadings, the magistrate judge determined that Garza's claims, if proven, called the validity of his conviction into doubt. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (claim that investigator coerced a statement and altered or destroyed evidence necessarily implied the invalidity of the plaintiff's conviction). Thus, the magistrate judge stated that in order to proceed with his civil rights lawsuit, Garza must show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Because Garza did not make such a showing, the magistrate judge concluded that the lawsuit should be dismissed as frivolous with prejudice to the claims being asserted again until these conditions are met. *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007). Finally, the magistrate judge stated that Garza's request for the institution of criminal charges against Young could not be granted because there is no constitutional right to have someone else criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 59 (5th Cir. 1990).

Garza received a copy of the magistrate judge's report but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings and evidence in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 10) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as frivolous until such time as Garza can show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 15th day of June, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE